### STATE v. JOE LEE BRIDGERS.

(Filed 25 November, 1953.)

**Criminal Law § 81b—**

The burden is on defendant not only to show error but also that the error complained of affected the result adversely to him.

APPEAL by defendant from *Paul, Special Judge,* September Term, 1953, of GASTON. No error.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Max O. Cogburn, Member of Staff, for the State.*
*Ernest R. Warren for defendant, appellant.*

PER CURIAM. The bill of indictment charged the defendant with assault upon the person of the State's witness with a deadly weapon with intent to kill, inflicting serious injury not resulting in death, in violation of G.S. 14-32. There was verdict of guilty of assault with deadly weapon with intent to injure, and judgment was rendered imposing sentence of 18 months in jail to be assigned to work under the supervision of the State Highway & Public Works Commission.

The case on appeal was settled by agreement of counsel, and none of the evidence in the case was set out in the record. Only the charge of the court was sent up, with certain exceptions noted thereto assigned as error.

While it would seem that failure to comply with Rule 19 (4) might work a dismissal, we have examined the exceptions to the charge and conclude that prejudicial error is not made to appear. The burden was on the defendant not only to show error but also that the error complained of affected the result adversely to him. This he has failed to do.

No error.